IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ASHLEY E. RANSOM,                                                Plaintiff

v.                              4:11CV00496 KGB

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                         Defendant

MEMORANDUM AND ORDER

Plaintiff, Ashley E. Ransom, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Slusser v. Astrue, 557 F.3d 923, 925 (8th Cir. 2009); Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because

substantial evidence would have supported an opposite decision. <u>Sultan v. Barnhart</u>, 368 F.3d 857, 863 (8th Cir. 2004); <u>Woolf v. Shalala</u>, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3); 1382c(a)(3)(D).

Plaintiff alleged that she was limited in her ability to work by spina bifida. (Tr. 127) The Commissioner found that she was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing at which Plaintiff and a vocational expert testified, the Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through May 12, 2010, the date of his decision. (Tr. 17) On April 27, 2011, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-4) Plaintiff then filed her complaint

initiating this appeal. (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 27 years old at the time of the hearing. (Tr. 27) She completed the ninth grade in school. (Tr. 27, 44) She has past relevant work as a cashier. (Tr. 46, 109, 125)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i) (2009). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id. §§ 404.1520(b), 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If not, benefits are denied. Id. A "severe" impairment significantly limits a claimant's ability to perform basic work activities. Id. §§ 404.1520(c), 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. Id. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. Id. §§ 404.1520(a)(4), 416.920(a)(4). This residual functional

capacity assessment is utilized at Steps 4 and 5. <u>Id.</u>

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. <u>Id.</u> §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If so, benefits are denied. <u>Id.</u>

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. <u>Id.</u> §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. <u>Id.</u>

The ALJ found Plaintiff had engaged in substantial gainful activity since December 1, 2007, her alleged onset date. (Tr. 12) It appears that she worked for only a short amount of time after her alleged onset date; the ALJ continued to Step 2 of the sequential evaluation process. (Tr. 13) He found that Plaintiff had a "severe" impairment, degenerative disc disease of the lumbosacral spine with associated weakness of the leg. <u>Id.</u> He found she did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 14) He judged that Plaintiff's allegations regarding the intensity, persistence and limiting effects of her symptoms were not totally credible. (Tr. 16)

The ALJ found Plaintiff retained the residual functional capacity for a full range of light work. (Tr. 14) He found she could perform her past relevant work as a cashier. (Tr. 16) Thus, the ALJ concluded that Plaintiff was not disabled. (Tr. 17)

Plaintiff raises one primary issue in her appeal, that she met

Listing 1.04A.  That Listing reads as follows:

> 1.04  *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.  With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
>    . . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1 (2009).

The ALJ specifically considered Listing 1.04, but observed " . . . that there is no medical evidence that the claimant has limited spinal motion, atrophy (reduced muscle mass), sensory or reflex loss, or a positive straight leg raising test."  (Tr. 14)  As Plaintiff's Brief points out, there is medical evidence of each of those elements.  (Brief 3-4)  That is not enough, however, to meet the requirements of Listing 1.04A.

Regulations require:

> Examination of the spine should include a detailed description of gait, range of motion of the spine given quantitatively in degrees from the vertical position (zero degrees) or, for straight-leg raising from the sitting and supine position (zero degrees), . . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00E1 (2009).

Plaintiff points only to a positive straight-leg raising on the right and a negative straight-leg raising on the left on July 9, 2008.  (Tr. 201)  That fails to satisfy Listing 1.04A.

As Plaintiff points out, Neelima Velchala, M.D., noted "3-4/5

motor strength on left" July 11, 2008.[1] (Tr. 205) However, notes from the University of Arkansas for Medical Sciences two months earlier revealed normal strength and muscle tone. (Tr. 192) Similarly, a June 27, 2008, record from the UAMS Internal Medicine Clinic reflected normal mobility of the spine and full joint motion of the extremities. (Tr. 196)

Furthermore, an impairment or combination of impairments may be found disabling under the Listing of Impairments only if the twelve-month duration requirement is met. 20 C.F.R. §§ 404.1520(d), 416.920(d) (2009). There is no proof that the duration requirement has been met for this Listing.

For a plaintiff to show that her impairment matches a Listing, it must meet all of the specified medical criteria. Marciniak v. Shalala, 49 F.3d 1350, 1353 (8th Cir. 1995), quoting Sullivan v. Zebley, 493 U.S. 521, 530 (1990); accord, Harris v. Barnhart, 356 F.3d 926, 928 (8th Cir. 2004).

> The Secretary explicitly has set the medical criteria defining the listed impairments at a higher level of severity than the statutory standard. The listings define impairments that would prevent an adult,

---

[1]   Strength should be graded. The following scale, originally developed by The Medical Research Council of the United Kingdom, is now used universally:

0: No visible muscle contraction
1: Visible muscle contraction with no or trace movement
2: Limb movement when gravity is eliminated
3: Movement against gravity but not resistance
4: Movement against resistance supplied by the examiner
5: Full strength

The Merck Manual 1590 (19th ed. 2011).

>  regardless of his age, education, or work experience, from performing <u>any</u> gainful activity, not just "substantial gainful activity." See 20 CFR § 416.925(a)(1989) (purpose of listings is to describe impairments "severe enough to prevent a person from doing any gainful activity"); SSR 83-19, at 90 (listings define "medical conditions which ordinarily prevent an individual from engaging in any gainful activity").

<u>Sullivan v. Zebley</u>, 493 U.S. at 532 (emphasis in original).

Plaintiff has the burden of showing that she met a Listing. <u>Gonzales v. Barnhart</u>, 465 F.3d 890, 894 (8th Cir. 2006); <u>Johnson v. Barnhart</u>, 390 F.3d 1067, 1070 (8th Cir. 2004); <u>Pyland v. Apfel</u>, 149 F.3d 873, 877 (8th Cir. 1998). She did not meet that burden.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. <u>E.g.</u>, <u>Mapes v. Chater</u>, 82 F.3d 259, 262 (8th Cir. 1996); <u>Pratt v. Sullivan</u>, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. <u>Richardson v. Perales</u>, 402 U.S. at 401; <u>see also</u> <u>Reutter ex rel. Reutter v. Barnhart</u>, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with

prejudice.

   IT IS SO ORDERED.

   DATED this __27__ day of September, 2012.


                               _Kristine G. Baker_____
                               UNITED STATES DISTRICT JUDGE